IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| REBECCA GAIL FRAZIER | § § § | |
| Plaintiff | § § | |
| | § | Civil Action No. _____ |
| v. | § § | |
| EQUIFAX INFORMATION SERVICES, LLC | § § § | Complaint |
| | § | |
| And | § § | And |
| CHASE BANK USA, N.A. | § § | |
| | § | Demand for Jury Trial |
| Defendants | § § | |

**COMPLAINT**

COMES NOW the Plaintiff, REBECCA GAIL FRAZIER, (hereinafter the "Plaintiff"), by Counsel, Dennis McCarty, and for his complaint against the Defendants EQUIFAX INFORMATION SERVICES, LLC (hereinafter Equifax) and CHASE BANK USA N.A. (hereinafter Chase Bank), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

**JURISDICTION AND VENUE**

1

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is a resident and citizen of Harrison County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant EQUIFAX INFORMATION SERVICES, LLC is a foreign For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company at 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency", as defined 15 U.S.C §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

6. Defendant CHASE BANK USA N.A. is a foreign For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s, who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

9. Equifax did not provide a good faith investigation into the disputed Chase Bank authorized user account. Plaintiff disputed the Chase Bank account *******1127* reporting by and through Counsel with a dispute letter dated August 10, 2016 to Equifax. This dispute letter informed Equifax that Ms. Frazier was NOT a signer, obligor or accommodation party to the original contract but merely an authorized user of the account. Plaintiff, by and through Counsel, demanded that the authorized user account be removed from her credit history. Equifax was made aware that the account was having a substantial negative impact on Plaintiff's credit report when Plaintiff had no contractual liability, responsibility or obligation to keep the account in good standing.

10. Equifax responded to Plaintiff's August 10, 2016 dispute on September 05, 2016. In the response from Equifax, Chase Bank verified the account as being accurately reported and noted that the prior paying history of the account had been updated.

11. Defendant Chase Bank did not provide a good faith investigation into the disputed authorized user account number *******1127*. Plaintiff disputed the Chase Bank authorized user account, by and through Counsel, with a dispute letter to Equifax

dated August 10, 2016. In Equifax's response, dated September 05, 2016, Chase Bank verified the account as being accurately reported and noted that the prior paying history of the account had been updated.

12. Plaintiff was added to Chase Bank account number *******1127* as an authorized user. Plaintiff has not applied for this account. Plaintiff is not obligated to pay this account nor does she have any manner of financial obligation regarding this account. To be clear, Plaintiff does not have any contractual relationship with this Chase Bank account number *********1127* in any way.

13. The credit reporting bureaus know and understand that an authorized user does not have any responsibility for payment of the debt and they remove them upon request. Experian explains on their website the "no responsibility for repayment of the debt" nature of the authorized user account and promises to remove these accounts when requested by the consumer. Please see Experian's website, available at http://www.experian.com/blogs/ask-experian/2013/12/18/experian-will-removed-delinquent-authorized-user-accounts-on-request, (Because an authorized user has no responsibility for repayment of the debt Experian will remove authorized user accounts with negative payment history upon request). Defendant Equifax failed to delete and continues to report information that should not be reported once it has been requested to be removed by the authorized user.

14. The account is reporting negative information on Plaintiff's credit report. Negative information that Plaintiff is not responsible for.  This information is both false and misleading, it is reporting as if Plaintiff is responsible and should have paid this account when in fact it is not Plaintiff's to pay, nor does she have any financial or

any other manner of responsibility regarding the account.

15. Plaintiff disputed this account to Equifax, by and through Counsel, with a dispute letter dated August 10, 2016. The Fair Credit Reporting Act requires consumers to dispute their issues with the bureaus, the bureaus then communicate the dispute with the data furnisher and if they both fail in their statutory responsibilities, then liability attaches to both the bureau and data furnisher, pursuant to 15 USC §1681. Plaintiff disputed the account with Equifax, Equifax communicated the dispute to Chase Bank, and the account continued to report inaccurately on Plaintiff's credit report after the Defendants concluded their so-called "investigations".

16. This account is not only inaccurate but is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

17. Equifax has a statutory duty to use reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring <u>any</u> accuracy, much less maximum accuracy.

18. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was furnished by Chase Bank and reported by Equifax is misrepresenting the payment history and/or status of Plaintiff's account and misrepresenting the account as

Plaintiff's financial responsibility on Plaintiff's credit report to her detriment. It continues to currently be reported on Plaintiff's credit report resulting in lowering Plaintiff's credit scores and furthering Plaintiff's damages. This false and misleading information as provided by Chase Bank and Equifax was, and continues to be, the sole cause of Plaintiff's damages.

19. Plaintiff's credit reports, credit information and file formulated by Equifax have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit. The inaccurate authorized user information, furnished by Chase Bank and reported by Equifax, is continuing to damage the Plaintiff's credit rating and is a substantial factor preventing Plaintiff from taking advantage of receiving the most favorable terms in financing and interest rates for credit offers.

20. As a result of Defendant Equifax and Defendant Chase Bank's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

21. As a result of Defendant Equifax and Defendant Chase Bank conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

22. At all times pertinent hereto, Defendants Equifax and Chase Bank acted by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

23. At all times pertinent hereto, the conduct of the Defendants Equifax and Chase Bank, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

24. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

25. Plaintiff's suit is based upon the Defendants' violation of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages that Plaintiff suffered.

26. Plaintiff suffered damages resulting from the Defendants' violations of FCRA.

### *Count I: Fair Credit Reporting Act*

27. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

28. This lawsuit is brought against Defendants Equifax and Chase Bank because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees:

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

29. Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's after notice of dispute. Plaintiff requested Equifax to reinvestigate this issue via a detailed dispute letter dated August 10, 2016.

30. Equifax is reporting an account that Plaintiff did not contractually sign for or obligate herself to pay.

31. Plaintiff has not agreed to pay, committed to pay, nor had he ever any obligation to be financially responsible for Chase Bank account number *******1127*.

32. Plaintiff has not applied for or asked to be a user of this account but it

continues to report on Plaintiff's credit report even after Plaintiff notified Chase Bank and Equifax, via dispute letter by and through Counsel on August 10, 2016 that she desired it to be removed from her credit report as Plaintiff was merely an authorized user.

33. Equifax is holding Plaintiff hostage on an account that is not hers.

34. Equifax is reporting negative information that Plaintiff is not responsible for on Plaintiff's credit report and causing Plaintiff damage. This negative information being reported on Plaintiff's credit report and is both false and misleading. The negative information that Equifax is reporting is a charged off account, with a derogatory payment history containing multiple late payments up to 90 days past due.

35. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

   (a)  Reinvestigations in case disputed information

      (1) Reinvestigation required

         (A)  In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

   And:

15 U.S.C. §1681i(a)(5) reads:

    (5) Treatment of Inaccurate or Unverifiable Information

     (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

      (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

      (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

36. In addition, Defendant Equifax is also currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. Because Equifax is allowing a data furnisher to report negative information on Plaintiff's credit report that does not belong to Plaintiff nor is in any way Plaintiff's responsibility, Equifax is not following reasonable procedures to assure maximum possible accuracy.

37. Chase Bank violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information. After receiving dispute notice from Equifax, Chase Bank did not conduct a complete, accurate or reasonable investigation into the disputed issue. Chase Bank verified the account as being accurately reported and noted that the prior paying history of the account had been updated after it was disputed with a detailed and thorough dispute letter dated August 10, 2016. Chase Bank should have discovered that the information they are providing Equifax was not accurate, that Plaintiff is not responsible for the account number *******1127* and

that Chase Bank should not be reporting it on Plaintiff's credit report.

38. Chase Bank is instructing Equifax to report an account that Plaintiff did not contractually sign for or have any obligation to pay.

39. Plaintiff was NOT a signer, obligor or accommodation party to the original contract. Plaintiff is not obligated to pay this account nor does she have any manner of financial obligation regarding this account. But Chase Bank continues to instruct Equifax to report the inaccurate account on Plaintiff's credit report even after Plaintiff disputed the account and stated that Plaintiff desired to be removed as a user via Plaintiff's dispute letter, by and through Counsel, dated August 10, 2016.

40. Chase Bank is holding Plaintiff hostage on an account that is not his.

41. Chase Bank is instructing Equifax to report negative information that Plaintiff is not responsible for on Plaintiff's credit report and causing Plaintiff damage. The negative information, that Plaintiff is not responsible for, is being reporting on Plaintiff's credit report and is both false and misleading. This negative information being reported on Plaintiff's credit report and is both false and misleading. The negative information that Chase Bank is reporting is a charged off account, with a derogatory payment history containing multiple late payments up to 90 days past due.

42. Chase Bank did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

    (A)  conduct an investigation with respect to the disputed information:

    (B)  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    (C)  report the results of the investigation to the consumer reporting agency;

    (D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

    (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
        i  modify that item of information
        ii  delete that item of information
        iii  permanently block the reporting of that item of information

43. The conduct of Equifax and Chase Bank are the direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined above and, as a result, the Defendant is liable to compensate the Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law

### DEMAND FOR JURY TRIAL

44. Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Equifax and Chase Bank based on the following requested relief:

    a. Actual damages pursuant to 15 U.S.C. §1681;

    b. Statutory damages pursuant to 15 U.S.C. §1681;

    c. Punitive damages pursuant to 15 U.S.C. §1681;

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

    e. Such other and further relief as may be necessary, just and proper.

Dated: November 16, 2016

                                                 Respectfully submitted,

                                                 /s/Dennis McCarty
                                                 Dennis McCarty
                                                 ATTORNEY FOR PLAINTIFF
                                                 Mississippi Bar No. 102733
                                                 P.O. Box 111070
                                                 Carrollton, TX 75011
                                                 Telephone: 817-704-3375
                                                 Fax (817) 887-5069
                                                 dmccartylaw@att.net
                                                 Federal Bar No. 993800